THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| David C, <br><br> Plaintiff, <br><br> v. <br><br> Frank Bisignano <br> Social Security Commissioner, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:24-cv-652 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff's Motion for Review of Social Security Agency Action.[1] Plaintiff David C. raises two issues on appeal. First whether the Administrative Law Judge (ALJ) erred by failing to properly evaluate the severity of his mental impairments at steps two and three of the required sequential evaluation process. And second, whether the ALJ erred by failing to properly evaluate the opinions of the consultants and his medical provider. After reviewing relevant authority, the record, and the parties' memoranda, the court concludes the record does not support the ALJ's decision. The court therefore reverses and remands the case for further consideration.

## BACKGROUND

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act on June 1, 2022. Plaintiff alleges disability beginning on November 10, 2020. Following a hearing, an ALJ denied Plaintiff's application. In addressing the five-step sequential evaluation process for disability claims,[2] the ALJ found Plaintiff had the

---

[1] ECF No. 10.

[2] The Tenth Circuit has described the five-step evaluation process as follows:

following severe impairments: depressive/bipolar-related disorders and schizophrenia spectrum.[3]

At step-three, the ALJ determined Plaintiff's impairments or combination of impairments did not meet or medically equal a listed impairment.[4]

Next, after considering the entire record, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations. These include being limited to:

> jobs that only require up to detailed but uninvolved tasks with few concrete variables and with little … change in job process from day to day, and jobs with multistep tasks that are easily resumed after momentary distraction. [Claimant] is restricted to jobs that do not require any work-related interaction with the public, and no more than occasional work-related interaction with co-workers and supervisors.[5]

At step four, the ALJ found Plaintiff unable to perform any past relevant work as an alarm technician and internet installer. Finally at step five, the ALJ found Plaintiff capable of performing other work existing in significant numbers in the national economy. Therefore, Plaintiff was not disabled under the Social Security Act.

---

Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citation modified).

[3] AR 19. AR is the Administrative Record before the court.

[4] *See* 20 C.F.R. part 404, Subpart P, Appendix I.

[5] AR 22.

## LEGAL STANDARD

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. Judicial review "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."[6] "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is ground for reversal."[7]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[8] The threshold for evidentiary sufficiency under the substantial evidence standard is "not high."[9] Substantial evidence is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[11] Under this standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.[12]

---

[6] *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quotation and citation omitted).

[7] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005).

[8] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 2019 U.S. LEXIS 2480 (2019).

[9] *Id*. at 1154.

[10] *Noreja,* 952 F.3d at 1178 (quoting *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek* 139 S. Ct. at 1154.

[11] *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

[12] *See Hendron v. Colvin,* 767 F.3d 951, 954 (10th Cir. 2014).

# ANALYSIS

When the record provides evidence of a mental impairment that allegedly precludes an individual from working, the ALJ is to follow the procedures for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a,[13] the Listing of Impairments, and document the procedures.[14] According to the procedures, an ALJ "must … rate the degree of functional limitation resulting from the impairment(s) … based on the extent to which [the] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis."[15] The ALJ must evaluate "all relevant evidence to obtain a longitudinal picture of [a claimant's] overall degree of functional limitation."[16] Four broad functional areas are considered - 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentrating, persisting, or maintaining pace; and 4) adapting or managing oneself.[17]

Plaintiff contends the ALJ erred in two aspects of rendering a decision that he was not disabled. These are addressed in turn below.

## I.  The evaluation of Claimant's mental impairments

Plaintiff first claims the ALJ failed to properly evaluate the severity of his mental impairments at steps two and three of the required sequential evaluation process. Under the regulations, an ALJ is to consider "all relevant evidence to obtain a longitudinal picture of [a claimant's] overall degree of functional limitation."[18] Plaintiff argues the ALJ mischaracterized

---

[13] 20 C.F.R. § 404.1520a provides

[14] See Carpenter v. Astrue, 537 F.3d 1264, 1268 (10th Cir. 2008) (noting the need to follow the procedures in 20 C.F.R. §§ 404.1520a to evaluate mental impairments).

[15] 20 C.F.R. § 404.1520a.

[16]  20 C.F.R. § 404.1520a..

[17] See id.

[18] 20 C.F.R. § 1520a.

the nature of his impairments that resulted in hospitalizations, the functional reports filled out by his mother who helps take care of him, and the impact of the side effects of his medication.

The ALJ found that Plaintiff suffers from the severe impairments of depressive/bipolar-related disorders and schizophrenia spectrum and that he did not have an impairment or combination of impairments that met a listing. The ALJ found moderate limitations across multiple categories rather than any marked limitations, and the Commissioner asserts Plaintiff's argues are "merely a request to reweigh the evidence", which this court cannot do.[19]

The court agrees that it may not reweigh the evidence. Further, an ALJ is "not required to discuss every piece of evidence."[20] Rather the Tenth Circuit has generally found that an ALJ's decision is adequate if it discusses the uncontroverted evidence the ALJ chooses not to rely upon and any significant probative evidence the ALJ decides to reject.[21]

Here the court finds errors in the ALJ's analysis, which are not harmless,[22] that undermine the substantial evidence standard that is needed to sustain the Commissioner's decision. In evaluating Plaintiff's ability to adapt and manage himself, the ALJ noted the ability to "concentrate for six or seven hours, follow a conversation, do chores without reminders, [and] operate a computer for three to four hours."[23] In determining Plaintiff's residual functional capacity the ALJ again noted Plaintiff's ability to concentrate for six or seven hours. In support of the ALJ's decision, the Commissioner also points to the ALJ's reliance on the inconsistencies

---

[19] Commissioner's Brief at 6, ECF No. 17.

[20] *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009).

[21] *See id.*

[22] The Tenth Circuit has applied the principle of harmless error in social security cases. *See, e.g., Gay v. Sullivan*, 986 F.2d 1336, 1341 n. 3 (10th Cir.1993) (overlooking technical errors that were "minor enough not to undermine confidence in the determination of th[e] case'); *Glass v. Shalala*, 43 F.3d 1392, 1396–97 (10th Cir.1994) (finding an "ALJ's conduct, although improper, d[id] not require reversal" because the procedural impropriety involved had not "altered the evidence before the ALJ").

[23] AR. 21.

in the record, including Plaintiff's ability to concentrate for six or seven hours.[24] The record relied upon by the ALJ, however, belies the ALJ's decision. The record indicates Plaintiff sleeps for six to seven hours a day, not concentrates for six to seven hours a day.[25] This is a significant difference and supports Plaintiff's arguments that the ALJ failed to adequately consider the side effects of his medication, including the extreme fatigue it causes.

The ALJ further notes Plaintiff's ability to complete four years of college in discounting his alleged fatigue and concentration troubles.[26] Plaintiff's completion of college many, many years, prior to the symptoms that led to his hospitalization and allegedly preclude his ability to work, is not a basis to discount Plaintiff's testimony. Rather, such an approach represents "impermissible 'cherry picking' of portions of the evidence supporting [the ALJ's] decision."[27]

Finally, the functional reports relied on by the ALJ found in the record[28] contain significant probative evidence concerning Plaintiff's functioning that the ALJ fails to address or misconstrues. This includes statements that Plaintiff uses the computer for a half hour a day not from "three to four hours" as noted by the ALJ, that Plaintiff is "so tired" due to his medicine that he cannot engage in the activities he used to, and that without his mom, Plaintiff's functioning would be well below a level needed to maintain work. In short, a close review of the functional reports does not support the level of functioning set forth in the ALJ's decision.

These errors warrant a remand of Plaintiff's case.

---

[24] *See* Commissioner's Brief at 7.

[25] AR 44-45.

[26] AR 22.

[27] *Staheli v. Comm'r, SSA*, 84 F.4th 901, 907, 2023 WL 6629891 (10th Cir. 2023); *see Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (stating the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence").

[28] Exhibit 6E and 7E.

## II. The evaluation of Claimant's medical provider and the consultants

In his second point, Plaintiff claims the ALJ also erred by failing to properly evaluate the opinions of the consultants and his medical provider. In essence, the ALJ's errors at steps two and three, according to Plaintiff, are compounded by the failure to properly evaluate the medical opinion evidence.

Because the court found errors in the ALJ's analysis at steps two and three that also undermine the ALJ's residual functional capacity determination, the court need not address Plaintiff's second claim of error. On remand, however, the court does direct the ALJ to fully consider the opinions of Jennifer Olsen, APRN/DMHNP, who treated Plaintiff from December 2020 to 2023 on a monthly basis except for the time that Plaintiff was hospitalized for psychotic issues. The review should address the uncontroverted evidence the ALJ chooses not to rely upon and any significant probative evidence the ALJ decides to reject.[29]

## CONCLUSION and ORDER

For the foregoing reasons, Plaintiff's Motion for Review of Social Security Agency Action is GRANTED[30] and the Commissioner's decision is REVERSED AND REMANDED.

DATED this 13 August 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[29] *See Wall v. Astrue*, 561 F.3d at 1067.
[30] ECF No. 10.